## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| NATALIE WALLER, JUSTIN RACER, ALEXANDRIA BARLEYCORN, LA'QUENZA FRETT,<br><br>Individually and on behalf of all others similarly situated,<br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>AFNI, INC.<br><br>　　　　　　Defendant. | Case No. 1:20-cv-01080<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)<br><br>CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

## <u>ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT</u>

Plaintiffs Natalie Waller ("Waller"), Justin Racer ("Racer"), Alexandria Barleycorn ( Barleycorn"), and La'Quenza Frett ("Frett") (collectively hereinafter "Plaintiffs"), bring this action individually and on behalf of all current and former hourly call-center employees (hereinafter "Plaintiffs and the Putative Class Members") who worked for AFNI, Inc. ("AFNI" or "Defendant"), at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201, *et seq*., the Illinois Minimum Wage Law (hereinafter "IMWL"), 820 ILCS 105/1 *et seq*., and the Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* ("IWPCA") (the IMWL and the IWPCA will be referred to collectively as the "Illinois Acts"), the Kentucky Wage and Hour Act, KY. REV. STAT. ANN. §§ 337.010, *et seq.* (hereinafter the "Kentucky Acts"), the Arizona Fair Wages and Healthy Families Act, A.R.S. §§ 23-350 *et. seq.* (the "Arizona Acts"), and Alabama common-law.

*Original Collective/Class Action Complaint*

Plaintiffs' FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while their respective state law claims are asserted as class actions under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19 and class actions pursuant to the state laws of Illinois, Kentucky, Arizona, and Alabama and FED. R. CIV. P. 23 to recover unpaid wages, overtime wages, and other applicable penalties.

2. Plaintiffs and the Putative Class Members are those similarly situated persons who have worked for AFNI in call centers at any time during the relevant statutes of limitation through the final disposition of this matter and have not been paid for all hours worked nor the correct amount of overtime in violation of state and federal law.

3. Specifically, AFNI enforced a uniform company-wide policy wherein it improperly required its hourly call-center employees—Plaintiffs and the Putative Class Members—to perform work "off-the-clock" and without pay.

4. AFNI's illegal company-wide policy has caused Plaintiffs and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Although Plaintiffs and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiffs and the Putative Class Members have not been

paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6.    AFNI knowingly and deliberately failed to compensate Plaintiffs and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time periods.

7.    Plaintiffs and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or Illinois, Kentucky, Arizona, and Alabama state law.

8.    Plaintiffs and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b) and to recover all unpaid overtime and other damages owed under their respective state laws as class actions pursuant to Federal Rule of Civil Procedure 23.

9.    Plaintiffs pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10.    Plaintiffs also pray that the Rule 23 classes are certified as defined herein, and the Plaintiffs designated herein be named as Class Representatives.

## II.
## THE PARTIES

11.    Plaintiff Natalie Waller was employed by AFNI in Illinois during the relevant time period. Plaintiff Waller did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

---

[1] The written consent of Natalie Waller is hereby attached as Exhibit "A."

12.     Plaintiff Justin Racer was employed by AFNI in Kentucky during the relevant time period. Plaintiff Racer did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

13.     Plaintiff Alexandria Barleycorn was employed by AFNI in Arizona during the relevant time period. Plaintiff Barleycorn did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[3]

14.     Plaintiff La'Quenza Frett was employed by AFNI in Alabama during the relevant time period. Plaintiff Frett did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[4]

15.     The Kentucky Class Members are those current and former hourly call-center employees who were employed by AFNI at any time from February 27, 2015 through the final disposition of this matter and have been subjected to the same illegal pay system under which Plaintiff Racer worked and was paid.

16.     The Illinois Class Members are those current and former hourly call-center employees who were employed by AFNI at any time from February 27, 2017 through the final disposition of this matter and have been subjected to the same illegal pay system under which Plaintiff Waller worked and was paid.

17.     The Arizona Class Members are those current and former hourly call-center employees who were employed by AFNI at any time from February 27, 2018 through the final

---

[2] The written consent of Justin Racer is hereby attached as Exhibit "B."

[3] The written consent of Alexandria Barleycorn is hereby attached as Exhibit "C."

[4] The written consent of La'Quenza Frett is hereby attached as Exhibit "D."

disposition of this matter and have been subjected to the same illegal pay system under which Plaintiff Barleycorn worked and was paid.

18.     The Alabama Class Members are those current and former hourly call-center employees who were employed by AFNI at any time from February 27, 2018 through the final disposition of this matter and have been subjected to the same illegal pay system under which Plaintiff Frett worked and was paid.

19.     The FLSA Collective Members are those current and former hourly call-center employees who were employed by AFNI at any time from February 27, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

20.     Defendant AFNI, Inc. is a Domestic For-Profit Corporation, licensed to and doing business in Illinois, and can be served through its registered agent: **GREGORY J DONOVAN, 404 BROCK DRIVE BLOOMINGTON, ILLINOIS 61701.**

### III.
### JURISDICTION & VENUE

21.     This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq.*

22.     This Court has supplemental jurisdiction over the additional state law claims pursuant to 28 U.S.C. § 1367.

23.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

24.     This Court has personal jurisdiction over AFNI because the cause of action arose within this District as a result of AFNI's conduct within this District.

25.    Venue is proper in the Central District of Illinois because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

26.    Specifically, AFNI's corporate headquarters is in Bloomington, Illinois, and Plaintiff Waller worked in Bloomington, Illinois throughout her employment with AFNI, all of which is located within this District and Division.

27.    Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

28.    AFNI, Inc. operates call centers throughout the United States customer support/engagement services to its business clients.[5]

29.    Plaintiffs and the Putative Class Members' job duties consisted of answering phone calls made by AFNI's customers, answering customer inquiries, troubleshooting on behalf of customers, and generally assisting customers.

30.    Plaintiff Waller was employed by AFNI in customer service in Bloomington, Illinois from approximately April 2001 until February 2019.

31.    Plaintiff Racer was employed by AFNI in customer service in Bowling Green, Kentucky from approximately August 2015 until September 2018.

32.    Plaintiff Barleycorn has been employed by AFNI in customer service in Tucson, Arizona since approximately July 2018.

33.    Plaintiff Frett was employed by AFNI in customer service in Opelika, Alabama from approximately September 2017 until February 2018.

_____

[5] https://afni.com/what-we-do

34.     Plaintiffs and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour.

35.     Plaintiffs and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

36.     In addition to their forty (40) "on-the-clock" hours, Plaintiffs and the Putative Class Members worked up to four (4) hours "off-the-clock" per week and have not been compensated for that time.

37.     Plaintiffs and the Putative Class Members have not been compensated for all the hours they worked for AFNI as a result of AFNI's corporate policy and practice of requiring their hourly call-center employees to clock-in only when ready to take their first call.

38.     Specifically, Plaintiffs and the Putative Class Members are required to start and log-in to their computer, open multiple different AFNI computer programs, log in to each AFNI program, and ensure that each AFNI program is running correctly—all of which can take up to twenty minutes—before they allowed to clock in on the time keeping software application and then take their first phone call. If Plaintiffs and the Putative Class Members are not ready and on the phone at shift start they can be subject to discipline. If Plaintiffs and the Putative Class Members clock in prior to their shift start time, they are also subject to discipline. Therefore, the only way to be ready on time, and avoid discipline, is to prepare the computer "off-the-clock."

39.     During this start up time, Plaintiffs and the Putative Class Members were not compensated although they were expected to have completed this process in advance of their official start times.

40.     AFNI provides the Plaintiffs and the Putative Class Members with one unpaid lunch break per shift. However, AFNI requires the Plaintiffs and the Putative Class Members to perform "off-the-clock" work during their unpaid lunch break.

41.     Plaintiffs and the Putative Class were required to stay on the clock and on call until the minute their lunch break began, clock out, then log out of the phone system or otherwise go into an aux mode, and then log off of their computer prior to leaving their desk for lunch. Plaintiffs and the Putative Class Members were required to log back into their computer, log back into the phone system, then clock in, and be back on the phone right at the moment their lunch break ends. The log off process used prior to going to lunch can take 1-3 minutes. The log in process used after returning from lunch can take 1-3 minutes. This lengthy log off and log in procedure had to be performed during Plaintiffs and the Putative Class Members' lunch break as, per AFNI policy.

42.     Further, Plaintiffs and the Putative Class Members' computers crashed multiple times each week and required Plaintiffs and the Putative Class Members to reset them, which took ten (10) minutes or more each time.

43.     Plaintiffs and the Putative Class Members were also not compensated for the time they worked for AFNI rebooting AFNI's computers after they crashed.

44.     In addition, AFNI also enforced a uniform company-wide policy wherein they improperly required their non-exempt hourly employees—Plaintiffs and the Putative Class Members—to clock out for rest breaks lasting twenty minutes or less. 29 C.F.R. § 785.18; *see also Sec'y U.S. Dep't of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420, 425 (3d Cir. 2017).

45.     AFNI permitted Plaintiffs and the Putative Class Members to take two fifteen-minute breaks each day but required them to clock out for any and all breaks taken outside the two fifteen-minute breaks.

46.     As a result of AFNI's corporate policy and practice of requiring Plaintiffs and the Putative Class Members to perform their computer start up tasks before the beginning of their shifts, perform log-in log out processes during their unpaid lunch break, and requiring Plaintiffs and the Putative Class Members to clock out for short breaks, Plaintiffs and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

47.     AFNI has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiffs.

48.     AFNI is aware of their obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week, but have failed to do so.

49.     Because AFNI did not pay Plaintiffs and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, AFNI's pay policies and practices violate the FLSA.

**V.**
**CAUSES OF ACTION**

**COUNT ONE**
**(Collective Action Alleging FLSA Violations)**

**A.     FLSA COVERAGE**

50.     Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

51.     The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY AFNI, INC. AT ANY TIME FROM FEBRUARY 27, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members")**

52.     At all times hereinafter mentioned, AFNI has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

53.     At all times hereinafter mentioned, AFNI has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

54.     At all times hereinafter mentioned, AFNI has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

55.     During the respective periods of Plaintiffs and the FLSA Collective Members' employment by AFNI, these individuals have provided services for AFNI that involved interstate commerce for purposes of the FLSA.

56.     In performing the operations hereinabove described, Plaintiffs and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

57.     Specifically, Plaintiffs and the FLSA Collective Members are non-exempt hourly call-center employees of AFNI who assisted AFNI's customers who live throughout the United States. 29 U.S.C. § 203(j).

58.     At all times hereinafter mentioned, Plaintiffs and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

59.     The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 51.

60.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of AFNI.

**B.      FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

61.     AFNI has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

62.     Moreover, AFNI knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

63.     AFNI is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

64.     Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted AFNI to pay them according to the law.

65.     The decisions and practices by AFNI to not pay for all hours worked and the proper amount of overtime for all hours worked was neither reasonable nor in good faith.

66.     Accordingly, Plaintiffs and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.      COLLECTIVE ACTION ALLEGATIONS

67.     All previous paragraphs are incorporated as though fully set forth herein.

68.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of AFNI's employees who have been similarly situated to Plaintiffs with regard to the work they performed and the manner in which they have not been paid.

69.     Other similarly situated employees of AFNI have been victimized by AFNI's patterns, practices, and policies, which are in willful violation of the FLSA.

70.     The FLSA Collective Members are defined in Paragraph 51.

71.     AFNI's failure to pay Plaintiffs and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of AFNI, and does not depend on the personal circumstances of Plaintiffs or the FLSA Collective Members.

72.     Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

73.     The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

74.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

75. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

76. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and AFNI will retain the proceeds of its rampant violations.

77. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

78. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 51 and notice should be promptly sent.

## COUNT TWO
**(Class Action Alleging Violations of the Illinois Acts)**

**A.     ILLINOIS ACTS COVERAGE**

79. Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

80. The Illinois Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY AFNI, INC. AT ANY TIME FROM FEBRUARY 27, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Illinois Class" or "Illinois Class Members")**

81. At all times hereinafter mentioned, AFNI was and has been an "employer" within the meaning of the Illinois Acts. *See* 820 ILCS § 115/1; *see also* 820 ILCS § 105/3(c)–(d).

82. At all times hereinafter mentioned, Plaintiff Waller and the Illinois Class Members have been "employees" within the meaning of the Illinois Acts. *See id.*

83. Plaintiff Waller and the Illinois Class Members were or have been employed by AFNI since February 27, 2017, and have been covered employees entitled to the protections of the Illinois Acts and were not exempt from the protections of the Illinois Acts.

84. The employer, AFNI, is not exempt from paying minimum wage and overtime benefits under the Illinois Acts.

**B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE ILLINOIS ACTS**

85. All previous paragraphs are incorporated as though fully set forth herein.

86. The Illinois Acts require employers like AFNI to pay wages for all hours worked. *See* 820 ILCS § 105/12; *see also* 820 ILCS § 115/3.

87. The Plaintiff Waller and Illinois Class Members are ***non-exempt*** employees who are entitled to be paid for all hours worked. *See id.*

88. AFNI has a company-wide policy and practice of failing to pay Plaintiff Waller and Illinois Class Members for all hours worked. 820 ILCS § 105/5.

89. AFNI has a continuing policy and practice of failing to pay overtime wages for all hours worked in excess of forty (40) hours in a workweek. *See* 820 ILCS § 105/4a.

90. As a result of AFNI's illegal and company-wide policies applicable to Plaintiff Waller and Illinois Class Members' wages, and its failure to pay the applicable minimum wage and overtime wages to the Illinois Class Members, AFNI violated the Illinois Acts.

91. AFNI's failure to pay for all hours worked, and failure to pay overtime wages for all hours worked in excess of forty (40) in a workweek to the Illinois Class Members who performed work on behalf of AFNI in Illinois is part of a continuing course of conduct.

92.     Plaintiff Waller and Illinois Class Members who performed work on behalf of AFNI in Illinois are entitled to invoke the benefits of the Illinois Acts, including but not limited to 820 ILCS § 105/12(a); 820 ILCS § 115/14; 820 ILCS § 115/11; and 815 ILCS § 205/2.

93.     As a result, this action, "may encompass all violations that occurred as part of AFNI's continuing course of conduct regardless of the date on which they occurred."

94.     Plaintiff Waller and Illinois Class Members have suffered damages and continue to suffer damages as a result of AFNI' acts or omissions described herein; though AFNI is in possession and control of necessary documents and information from which the Illinois Class Members would be able to precisely calculated damages.

95.     Plaintiff Waller and Illinois Class Members seek the amount of their underpayments based on AFNI's failure to pay wages for all hours worked, failure to pay overtime wages for all hours worked in excess of forty (40) hours in a workweek, an equal amount as liquidated damages, and such other legal and equitable relief from AFNI's willful conduct as the Court deems just and proper.

96.     Accordingly, the Illinois Acts Class should be certified as defined in Paragraph 80.

C.     **ILLINOIS CLASS ALLEGATIONS**

97.     Plaintiff Waller brings her Illinois claims pursuant to Illinois Statutes as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by AFNI to work in Illinois since February 27, 2017.

98.     Class action treatment of Plaintiff Waller and the Illinois Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

99.     The number of Illinois Class Members is so numerous that joinder of all class members is impracticable.

100.    Plaintiff Waller is a member of the Illinois Class, her claims are typical of the claims of other Illinois Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

101.    Plaintiff Waller and his counsel will fairly and adequately represent the Illinois Class Members and their interests.

102.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

103.    Accordingly, the Illinois Class should be certified as defined in Paragraph 80.


## COUNT THREE
### (Class Action Alleging Violations of the Kentucky Wage Laws)

**A.    VIOLATIONS OF KENTUCKY LAW**

104.    Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

105.    The Kentucky Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY AFNI, INC. AT ANY TIME FROM FEBRUARY 27, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Kentucky Class" or "Kentucky Class Members").**

106.    At all times hereinafter mentioned, AFNI's have been employers within the meaning of the Kentucky Wage Laws, KY. REV. STAT. ANN. §337.015.

107.    At all times hereinafter mentioned, Plaintiff Racer and the Kentucky Class Members have been employees within the meaning of Kentucky Statutes. *See* KY. REV. STAT. ANN. §337.015.

108.    Plaintiff Racer and the Kentucky Class Members were or have been employed by AFNI since February 27, 2015, and have been covered employees entitled to the protections of the Kentucky Statutes.

109.    The employers, AFNI, are not exempt from paying overtime benefits under the Kentucky Statues.

**B.    FAILURE TO PAY WAGES AND OVERTIME IN ACCORDANCE WITH THE KENTUCKY STATUTES**

110.    The Kentucky Statutes require employers to pay their employees' wages as often as semimonthly, for wages earned not more than eighteen (18) days prior to the date of that payment. *See* KY. REV. STAT. ANN § 337.020.

111.    Though the Kentucky Statutes do not define "wages" courts look to the closely related Wage Claims Statute which defines wages as "all amounts at which the labor or service rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or in any other method of calculating such amount.

112.    Plaintiff Racer and the Kentucky Class Members seek to recover their unpaid wages that are owed to them as a result of AFNI's company-wide policy of causing them to perform work off the clock.

113.    Plaintiff Racer and the Kentucky Class Members have suffered damages and continue to suffer damages as a result of AFNI's acts or omissions as described herein; though AFNI is in possession and control of necessary documents and information from which Plaintiff Racer and the Kentucky Class Members would be able to precisely calculate damages.

114. Plaintiff Racer, on behalf of himself and the Kentucky Class Members, seeks recovery of the unpaid wages earned and due, interest, attorneys' fees, and costs.

115. In violating the Kentucky Statute, AFNI acted willfully, without a good faith basis, and with reckless disregard of applicable Kentucky law.

116. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Kentucky Statute, is defined in Paragraph 105.

117. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of AFNI.

## C. KENTUCKY CLASS ALLEGATIONS

118. Plaintiff Racer brings his Kentucky claims pursuant to Kentucky Statutes as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by AFNI to work in Kentucky since February 27, 2015.

119. Class action treatment of Plaintiff Racer and the Kentucky Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

120. The number of Kentucky Class Members is so numerous that joinder of all class members is impracticable.

121. Plaintiff Racer is a member of the Kentucky Class, his claims are typical of the claims of other Kentucky Class Members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

122. Plaintiff Racer and his counsel will fairly and adequately represent the Kentucky Class Members and their interests.

123. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual

class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

124.     Accordingly, the Kentucky Class should be certified as defined in Paragraph 105.

## COUNT FOUR
### (Class Action Alleging Violations of Arizona Act)

**A.     VIOLATIONS OF ARIZONA LAW**

125.     Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

126.     The Arizona Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY AFNI, INC. IN THE STATE OF ARIZONA, AT ANY TIME FROM FEBRUARY 27, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Arizona Class" or "Arizona Class Members").**

127.     At all times hereinafter mentioned, AFNI has been an employer within the meaning of the Arizona Act, A.R.S. § 23-350(3).

128.     At all times hereinafter mentioned, Plaintiff Barleycorn and the Arizona Class Members have been employees within the meaning of the Arizona Act, A.R.S. § 25-350(2).

**B.     FAILURE TO PAY WAGES AND OVERTIME IN ACCORDANCE WITH THE ARIZONA ACT**

129.     All previous paragraphs are incorporated as though fully set forth herein.

130.     AFNI owes Plaintiff Barleycorn and the Arizona Class Members wages, as defined in section 25-350(7) of the Act, to compensate them for labor and services they provided to AFNI in the furtherance of their job duties. *See* A.R.S. § 25-350(7), 351(C).

131.     Plaintiff Barleycorn and other Arizona Class Members were not (and currently are not) exempt from receiving overtime benefits under the Arizona Act.

132.    Plaintiff Barleycorn and the Arizona Class Members worked more than forty (40) hours in workweeks during times relevant to this complaint, however, AFNI violated the Arizona Act by failing to pay Plaintiff Barleycorn and other Arizona Class Members for all of the hours they worked on its behalf, and for failing to pay the correct amount of overtime for all hours worked over forty (40) per week. *See* A.R.S. § 25-350(7), 351(C).

133.    Plaintiff Barleycorn and the Arizona Class Members have suffered damages and continue to suffer damages as a result of AFNI's acts or omissions as described herein; though AFNI is in possession and control of necessary documents and information from which Plaintiff Barleycorn would be able to precisely calculate damages.

134.    The Arizona Act provides that Plaintiff Barleycorn and the Arizona Class Members are entitled to recover treble, or three times, the amount of their unpaid wages. *See* A.R.S. § 25-355(A).

135.    In violating the Arizona Act, AFNI acted willfully, without a good faith basis and with reckless disregard of clearly applicable Arizona law.

136.    The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Arizona Act, is defined in Paragraph 126.

137.    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of AFNI.

## C.    ARIZONA CLASS ALLEGATIONS

138.    Plaintiff Barleycorn brings her Arizona Act claims as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by AFNI to work in Arizona at any time since February 27, 2018.

139.     Class action treatment of Plaintiff Barleycorn and the Arizona Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

140.     The number of Arizona Class Members is so numerous that joinder of all class members is impracticable.

141.     Plaintiff Barleycorn is a member of the Arizona Class, her claims are typical of the claims of the other Arizona Class Members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

142.     Plaintiff Barleycorn and her counsel will fairly and adequately represent the Arizona Class Members and their interests.

143.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

144.     Accordingly, the Arizona Class should be certified as defined in Paragraph 126.


## COUNT FIVE
### (Class Action Alleging Violations of Alabama Common Law)

A.     **VIOLATIONS OF ALABAMA COMMON LAW**

145.     All previous paragraphs are incorporated as though fully set forth herein.

146.     Plaintiff Frett further brings this action pursuant to the equitable theory of *quantum meruit. See Cooley v. HMR of Alabama, Inc.,* 259 F. Supp. 3d 1312, 1317 (N.D. Ala. 2017).

147.     The Alabama Common-Law Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY AFNI, INC., IN TEXAS, AT ANY TIME FROM FEBRUARY 27, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Alabama**

**Common-Law Class" or "Alabama Common-Law Class Members").**

148.     The Alabama Common-Law Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of AFNI. These claims are independent of Plaintiff's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See id*.

149.     The Alabama Common-Law Class Members provided valuable services for AFNI, at AFNI's direction and with AFNI's acquiescence.

150.     AFNI accepted the Alabama Common-Law Class Members' services and benefited from their timely dedication to AFNI's policies and adherence to AFNI's schedule.

151.     AFNI was aware that Plaintiff Frett and the Alabama Common-Law Class Members expected to be compensated for the services they provided to AFNI.

152.     AFNI has therefore benefited from services rendered by Plaintiff Frett and the Alabama Common-Law Class Members and Plaintiff and the Alabama Common-Law Class Members are entitled to recover pursuant to the equitable theory of *quantum meruit.*

**B.     ALABAMA COMMON-LAW CLASS ALLEGATIONS**

153.     Plaintiff Frett brings her Alabama Common-Law Claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by AFNI to work in Alabama since Feb 27, 2018. *See* ALA. CODE § 6-2-38(m)

154.     Class action treatment of the Alabama Common Law Class Members is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

155.     The number of Alabama Common-Law Class Members is so numerous that joinder of all class members is impracticable.

156. Plaintiff Frett is a member of the Alabama Common-Law Class, her claims are typical of the claims of the other Alabama Common Law Class Members, and she has no interests that are antagonistic to or in conflict with the interests of the other Alabama Common Law Class Members.

157. Plaintiff Frett and his counsel will fairly and adequately represent the Alabama Common Law Class Members and their interests.

158. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

159. Accordingly, the Alabama Common Law Class should be certified as defined in Paragraph 147.

## VI.
## RELIEF SOUGHT

160. Plaintiffs respectfully pray for judgment against AFNI as follows:

a. For an Order certifying the FLSA Collective as defined in Paragraph 51 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order certifying the Illinois Class as defined in Paragraph 80 and designating Plaintiff Waller as the Class Representative of the Illinois Class;

c. For an Order certifying the Kentucky Class as defined in Paragraph 105 and designating Plaintiff Racer as the Class Representative of the Kentucky Class;

d. For an Order certifying the Arizona Class as defined in Paragraph 126 and designating Plaintiff Barleycorn as the Class Representative of the Arizona Class;

e.     For an Order certifying the Alabama Common-Law Class as defined in Paragraph 147 and designating Plaintiff Frett as the Class Representative of the Alabama Common-Law Class;

f.     For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

g.     For an Order pursuant to Section 16(b) of the FLSA finding AFNI liable for unpaid back wages due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit)

h.     For an Order pursuant to Illinois law awarding Plaintiff Waller and the Illinois Class Members unpaid wages and other damages allowed by law;

i.     For an Order pursuant to Kentucky law awarding Plaintiff Racer and the Kentucky Class Members unpaid wages and other damages allowed by law;

j.     For an Order pursuant to Arizona law awarding Plaintiff Barleycorn and the Arizona Class Members unpaid wages and other damages allowed by law;

k.     For an Order pursuant to Alabama law awarding Plaintiff Frett and the Alabama Common-Law Class Members unpaid wages and other damages allowed by law;

l.     For an Order awarding the costs and expenses of this action;

m.     For an Order awarding attorneys' fees;

n.     For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

o.     For an Order awarding Plaintiffs service awards as permitted by law;

p.      For an Order compelling the accounting of the books and records of Defendants, at Defendants' expense; and

q.      For an Order granting such other and further relief as may be necessary and appropriate.

Date:   February 27, 2020                 Respectfully submitted,

                                          */s/ Ryan F. Stephan*
                                          Ryan F. Stephan
                                          James B. Zouras
                                          Anna M. Ceragioli
                                          **Stephan Zouras, LLP.**
                                          100 N. Riverside Plaza, Suite 2150
                                          Chicago, Illinois 60606
                                          312.233.1550
                                          312.233.1560 *f*
                                          rstephan@stephanzouras.com
                                          jzouras@stephanzouras.com
                                          aceragioli@stephanzouras.cm
                                          Firm ID: 43734

                                          ANDERSON ALEXANDER, PLLC
                                          **Clif Alexander** *(Pro Hac Vice Anticipated)*
                                          Texas Bar No. 24064805
                                          clif@a2xlaw.com
                                          **Austin Anderson** *(Pro Hac Vice Anticipated)*
                                          Texas Bar No. 24045189
                                          austin@a2xlaw.com
                                          ANDERSON ALEXANDER, PLLC
                                          819 N. Upper Broadway
                                          Corpus Christi, Texas 78401
                                          Telephone: (361) 452-1279
                                          Facsimile: (361) 452-1284

                                          *Attorneys in Charge for Plaintiffs and Putative Class Members*

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Central District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Ryan F. Stephan*

Ryan F. Stephan
