## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

NATALIE WALLER, JUSTIN RACER, ALEXANDRIA BARLEYCORN, LA'QUENZA FRETT, Individually and on behalf of all others similarly situated,

Plaintiffs,

v.

AFNI, INC.

Defendant.

Case No. 1:20-cv-01080

COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)

## [PROPOSED] ORDER APPROVING SETTLEMENT AND DISMISSAL OF LAWSUIT WITH PREJUDICE

After a review of Plaintiffs' Unopposed Motion for Approval of Settlement, the Settlement Agreement, and the Declarations of Plaintiffs' Counsel, the Court is satisfied that the settlement reached is a "fair and reasonable resolution of a bona fide dispute" under the Fair Labor Standards Act. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982); 29 U.S.C. § 216.

It is therefore this _____ day of 2022 Ordered and Adjudged as Follows:

1. The Proposed Settlement is APPROVED, including, but not limited to, the Service Awards, attorneys' fees and costs to Plaintiffs' Counsel, and Notice Process.

2. That for purposes of settlement a FLSA collective action is further certified, consisting of the following:

> All current and former hourly Customer Service Representatives who worked for AFNI, Inc., anywhere in the United States, at any time from February 24, 2017 through March 18, 2021, and received a COVID Reconciliation Payment ("Putative Collective Members"), as well as Named Plaintiffs and all hourly Customer Service Representatives who have previously filed a consent to join this Lawsuit ("Opt-In Plaintiffs").[1]

---

[1] The identities of the Putative Collective Members are included in Exhibit C to the Settlement Agreement and the identities of those individuals who have previously filed a consent to join this Lawsuit are included in Exhibit E to the Settlement Agreement.

IT IS FURTHER ORDERED that:

- All capitalized terms not otherwise defined in this Order shall have the same meaning ascribed to them in the Parties' Settlement Agreement;

- ILYM Group, Inc. will serve as "Settlement Administrator" in providing notice, claim process and administration services under the Settlement Agreement;

- Named Plaintiffs are appointed as the representatives for the Settlement Collective; and

- Plaintiffs' Counsel (Clif Alexander and Austin W. Anderson of Anderson Alexander, PLLC) are approved as Collective Counsel for the Settlement Collective.

IT IS FURTHER ORDERED that the form and content of the Notice of Proposed Settlement attached to the Motion to Approve Settlement are adequate, proper, comport with Due Process, and they are hereby approved and authorized for distribution to Collective Members;

IT IS FURTHER ORDERED that Counsel for the Parties are hereby authorized to jointly use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice, moderate extensions of time that do not alter effective dates, and minor changes to other exhibits that they jointly agree are reasonable or necessary.

IT IS FURTHER ORDERED that this case be and is DISMISSED <u>with</u> Prejudice and <u>without</u> attorney fees or costs, except as provided in the Settlement Agreement.

                                                      Hon. James E. Shadid
                                                      United States Magistrate Judge